1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11  ERIC VALENCIA,                              No.  1:24-cv-01441-SAB (PC)

12                Plaintiff,                     ORDER DIRECTING CLERK OF COURT
                                                 TO RANDOMLY ASSIGN A DISTRICT
13         v.                                    JUDGE TO THIS ACTION

14  MARTINEZ, et al.,                            FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING DISMISSAL OF
15                                               ACTION
                  Defendants.
16                                               (ECF No. 8)

17

18         Plaintiff is proceeding pro se and in forma pauperis in this civil rights complaint pursuant

19  to 42 U.S.C. § 1983.

20         Plaintiff's complaint in this action was filed on November 25, 2024.  (ECF No. 1.)

21         On February 19, 2025, the Court screened the complaint, found that Plaintiff failed to state

22  a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.

23  (ECF No. 7.)

24         Plaintiff failed to file an amended complaint or otherwise respond to the December 9,

25  2024 order.  Therefore, on March 31, 2025, the Court issued an order for Plaintiff to show cause

26  why the action should not be dismissed.  (ECF No. 8.)  Plaintiff has failed to respond to the order

27  to show cause and the time to do so has now passed.  Accordingly, dismissal of the action is

28  warranted.

                                                 1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

2

1      On November 19, 2024, at approximately 12:00 a.m. to 1:00 a.m., Defendant officer

2   Martinez can be seen on facility surveillance in module "M," leaving the officer podium after

3   conspiring with Defendant officer Navarro and entering dorm "4," while Navarro remained

4   stationary.

5      Martinez approached Plaintiff very closely, then walking to storage containers containing

6   inmate Cuellar's legal property, then telling Plaintiff "you know what is funny? I can throw all

7   these papers away and you can't grieve me!"  Martinez returned to the officers podium and

8   conversed with Navarro.

9      Approximately twenty minutes later and during a routine lockdown, Martinez threatened

10   to attack Plaintiff by pounding his fists together while standing directly in front of Plaintiff,

11   calling him out of his dorm to the laundry room to fight.  Martinez waited until the lockdown to

12   begin in minimize witnesses.  Plaintiff suffers from post-traumatic stress disorder from Madera

13   police officers attacking hi which resulted in a civil rights complaint in <u>Valencia v. Martinez, et</u>

14   <u>al</u>., No. 1:24-cv-01146-KES-CDB (PC).

15      Plaintiff declined the fight and immediately became in fear for his life.  Plaintiff submitted

16   an emergency grievance to the neighbor module officer Bennings.  Bennings forwarded the

17   information to the watch commander (Doe 1).  Doe 1 failed to take reasonable actions to protect

18   Plaintiff.

19      Martinez returned to the module searching for Plaintiff from the podium.  Plaintiff

20   abandoned his legal work and retreated to his cell and eventually fell asleep.  Plaintiff had

21   nightmares for the remainder of the night in fear of being beaten by Martinez.  Navarro

22   intentionally failed to prevent and encouraged Martinez to act indifferent to Plaintiff.  Does 2

23   through 5 also failed to protect Plaintiff.

**III.**

**DISCUSSION**

**A.     Linkage Requirement**

27      Section 1983 of the Civil Rights Act requires that there be an actual connection or link

28   between the actions of the defendants and the deprivation alleged to have been suffered by

1    Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362

2    (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a

3    constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

4    in another's affirmative acts or omits to perform an act which he is legally required to do that

5    causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

6    Cir. 1978); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must

7    allege facts, not simply conclusions, that show that an individual was personally involved in the

8    deprivation of his civil rights.").

9            **B.      Threat to Safety**

10          "[P]retrial detainees ... possess greater constitutional rights than prisoners." Stone v. City

11    of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d

12    1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been

13    arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's

14    protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175,

15    1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the

16    Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of

17    pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has

18    complied with the constitutional guarantees traditionally associated with criminal prosecutions").

19          To state a claim of unconstitutional conditions of confinement against an individual

20    defendant, a pretrial detainee must allege facts that show: (i) the defendant made an intentional

21    decision with respect to the conditions under which the plaintiff was confined; (ii) those

22    conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not

23    take reasonable available measures to abate that risk, even though a reasonable official in the

24    circumstances would have appreciated the high degree of risk involved – making the

25    consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the

26    defendant caused the plaintiff's injuries. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th

27    Cir. 2018).

28    ///

Verbal harassment or abuse, including the use of racial epithets, do not state a cognizable civil rights claim are dismissed. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (allegations that prison guards called him names was not sufficient to allege a constitutional violation); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Finally, a prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without showing a physical injury. 42 U.S.C. § 1997e(e); Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002).

Here, while Plaintiff claims he Defendant officer Martinez "challenged" him to a physical fight, his allegations amount to nothing more than verbal threats and/or harassment, which does not give rise to a constitutional violation. Further, even if Defendant's comments were inappropriate, they do not rise to the level of being "unusually gross even for a prison setting and calculated to" cause Plaintiff psychological damage. Cox v. Kernan, No. 2:19-cv-1637 DB P, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting Keenan, 83 F.3d at 1092). Moreover, Plaintiff's claim that Defendant's verbal statements/threats gave him mental problems does not save the claim from dismissal, as "an institutional employee's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest." McClellan v. Bassett, 2006 WL 2079371, at *1 (D. Va. 2006). Accordingly, Plaintiff fails to state a cognizable claim for relief and further leave would be futile because he has failed to provide factual allegations to give rise to a claim for relief even after granting leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Accordingly, Plaintiff fails to state a cognizable claim for relief.

1

**C.     Conspiracy**

2      Plaintiff makes repeated reference to the claim that Defendants conspired with one

3 another.

4      To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an

5 agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation

6 of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox,

7 312 F.3d 423, 441 (9th Cir. 2001). "Conspiracy" is not a stand-alone claim.  A conspiracy "does

8 not enlarge the nature of the claims asserted by the plaintiff, as there must always be an

9 underlying constitutional violation. Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012)

10 (citations omitted).

11      Plaintiff fails to state a cognizable claim for conspiracy. Plaintiff fails to demonstrate that

12 any individual Defendant conspired, how such Defendant conspired, and how the conspiracy led

13 to a deprivation of his constitutional rights. See Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir.

14 1997).  Plaintiff's allegations of conspiracy are simply conclusory and merely speculative as he

15 simply alleges that officers "personally conspired to coordinate and/or aided, encouraged and

16 supported a conspiracy to create a risk of dange[r] against Plaintiff…." (Compl. at 33.)  There are

17 no specific facts showing that any of the Defendants had an agreement to violate his

18 constitutional rights. There is also no indication of any agreement between any of the Defendants.

19 Therefore, Plaintiff fails to state a claim for conspiracy.

20

**IV.**

21

**FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

22      Here, the Court screened Plaintiff's complaint, and on February 19, 2025, an order issued

23 providing Plaintiff with the legal standards that applied to his claims, advising him of the

24 deficiencies that needed to be corrected, and granting him leave to file an amended complaint within

25 thirty days.  (ECF No. 7.)  Plaintiff did not file an amended complaint or otherwise respond to the

26 Court's February 19, 2025 order.  Therefore, on March 31, 2025, the Court ordered Plaintiff to

27 show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 8.)

28 Plaintiff failed to respond to the March 31, 2025 order and the time to do so has passed.

1   Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
2   or with any order of the Court may be grounds for imposition by the Court of any and all sanctions
3   . . . within the inherent power of the Court."  The Court has the inherent power to control its docket
4   and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of
5   the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

6       A court may dismiss an action based on a party's failure to prosecute an action, failure to
7   obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,
8   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
9   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
10  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
11  with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States
12  Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);
13  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and
14  failure to comply with local rules).

15      "In determining whether to dismiss an action for lack of prosecution, the district court is
16  required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;
17  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
18  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
19  sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide
20  a court in deciding what to do, and are not conditions that must be met in order for a court to take
21  action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th
22  Cir. 2006) (citation omitted).

23      In this instance, the public's interest in expeditious resolution of the litigation and the
24  Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA)
25  Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint
26  within thirty days of February 19, 2025 and has not done so.  Plaintiff's failure to comply with the
27  order of the Court by filing an amended complaint hinders the Court's ability to move this action
28  towards disposition.  This action can proceed no further without Plaintiff's compliance with the

7

order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's February 19, 2025, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district ju6dge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 7.) In addition, the Court's March 31, 2025, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 8.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders.

## V.

### ORDER AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court

8

1    finds that this action should be dismissed for Plaintiff's failure to obey the February 19, 2025 and

2    March 31, 2025 orders, failure to prosecute this action, and failure to state a cognizable claim for

3    relief.

4         Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a

5    District Judge to this action.

6         Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's

7    failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim

8    for relief.

9         These Findings and Recommendations will be submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

11   **(14) days** after being served with these Findings and Recommendations, Plaintiff may file written

12   objections with the Court, limited to 15 pages in length, including exhibits.  The document should

13   be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

14   advised that failure to file objections within the specified time may result in the waiver of rights

15   on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

16   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

17

18   IT IS SO ORDERED.

19   Dated:   **April 29, 2025**                    _____

20                                          STANLEY A. BOONE
                                            United States Magistrate Judge
21

22

23

24

25

26

27

28

9