UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VALENCIA, | No. 1:24-cv-01441-KES-SAB (PC) |
| Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION |
| v. | |
| MARTINEZ, et al., | Doc. 10 |
| Defendants. | |

Plaintiff is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights complaint pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed his complaint on November 25, 2024. Doc. 1. On February 19, 2025, the assigned magistrate judge screened the complaint, found that plaintiff failed to state a cognizable claim for relief, and granted plaintiff thirty days to file an amended complaint. Doc. 7. The magistrate judge informed plaintiff that failure to file an amended complaint in compliance with the order would result in a recommendation that his complaint be dismissed for failure to state a claim for the reasons identified in the screening order. *Id.*

Plaintiff failed to file an amended complaint or otherwise respond to the screening order, and on March 31, 2025, the Court issued an order for plaintiff to show cause why the action

1

1  should not be dismissed. Doc. 8. After plaintiff failed to respond to the order to show cause, the
2  magistrate judge issued findings and recommendations on April 29, 2025 to dismiss the action for
3  failure to state a claim, failure to obey a court order, and failure to prosecute. Doc. 10. The
4  findings and recommendations were served on plaintiff and contained notice that any objections
5  thereto were to be filed within fourteen (14) days after service. *Id*. at 9. Plaintiff did not file
6  objections, and the time to do so has passed.

7       In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de
8  novo review of this case. Having carefully reviewed the file, the Court finds that the conclusions
9  of the findings and recommendations that plaintiff's allegations that defendant Martinez's threat
10 to fight plaintiff, and that defendants conspired against him, do not give rise to cognizable claims,
11 are supported by the record and proper analysis.[1]

12      Additionally, plaintiff's allegation that defendant Martinez said to plaintiff, "You know
13 what is funny? I can throw all these papers away and you can't grieve me!" in reference to
14 plaintiff's dorm member's legal papers fails to state a cognizable claim, as a "naked threat"
15 typically does not rise to the level of a constitutional violation. *See, e.g.*, *Gaut v. Sunn*, 810 F.2d
16 923, 925 (9th Cir. 1987). Moreover, the alleged threat was to throw away the legal property of
17 another pretrial detainee, not that of plaintiff.

18      Nor does plaintiff state a claim for failure to protect against Does 1–5 or Navarro. As
19 noted, the findings and recommendations correctly conclude that Martinez's conduct does not rise
20 to the level of a constitutional violation. Doc. 10 at 4–5. Given this, plaintiff's claim that Does
21 1–5 and Navarro failed to protect plaintiff from such conduct also must fail.
22 ///
23 ///

---

[1] As plaintiff was permitted to stand on his original complaint and was not required to file an amended complaint, the Court declines to adopt the recommendation to dismiss the case for failure to prosecute and failure to obey a court order based on plaintiff's failure to file an amended complaint. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). This action is dismissed as the complaint fails to state a cognizable claim for relief. As plaintiff was given the opportunity to file an amended complaint and elected not to do so, the complaint is dismissed without further leave to amend.

Accordingly,

1. The findings and recommendations issued on April 29, 2025, Doc. 10, are adopted in part as set forth above;

2. This action is dismissed for failure to state a cognizable claim for relief; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   June 25, 2025

_____
UNITED STATES DISTRICT JUDGE

3